THE FIRE DEPARTMENT OF THE CITY OF NEW YORK, RESPONDENT, *v.* ALBERT P. STURTEVANT AND JOHN STURTEVANT, APPELLANTS.

*Fire department of New York — the power to compel the erection of fire escapes must be exercised by it, and not by its subordinate officers — the order must comply with the notice as to the number of escapes to be erected.*

The power to require by the service of proper notices the construction of fire escapes in and upon hotels in the city of New York is conferred upon the fire department of the city of New York, and it must be exercised by it and not by one of its subordinate bureaus or officers.

Where, during the pendency of proceedings instituted to compel the defendant to erect five fire escapes upon his hotel, as required by a notice served upon him by the fire department, the department concludes that two of the fire escapes might be dispensed with and so notifies the defendant, it cannot upon the hearing of the motion procure an order requiring the defendant to build three fire escapes instead of five as stated in the notice.

If the number of fire escapes is to be reduced a new notice must be served and an opportunity to comply therewith be afforded to the defendant.

APPEAL from an order of the Special Term authorizing and directing the respondent to place upon the hotel of the appellants certain fire escapes, as specially directed in the order.

*George W. McAdam* and *Albert Matthews*, for the appellants.

*William L. Findley*, for the respondent.

DAVIS, P. J.:

The powers conferred by statute upon the fire department of the city of New York, to require by proper notice, the construction of fire escapes in and upon hotels like that of the appellants, are clearly

constitutional, and are to be exercised as other like police powers and regulations under the directions of the statutes in accordance with the sound discretion of the fire department; and courts of justice will not interfere with the exercise of those powers "unless," as said by BARRETT, J., in the *Fire Department* v. *Tallman,* "that exercise is so clearly improper that any intelligent mind can see the plain and manifest injustice and unreasonableness of the demand." (*Fire Department* v. *Tallman,* Daily Reg., May 31, 1883; *Todd* v. *Fire Department,* Id., June 19, 1883, *per* LAWRENCE, J.; *People v. Mayor,* 32 Barb., 102.)

Such proceedings are not obnoxious to the objection that the party affected is deprived of his property without due process of law. Nor is the right of trial by jury secured to him therein, or in any just sense applicable thereto. (*Metropolitan Board of Health* v. *Heister,* 37 N. Y., 668; *Health Department* v. *Knoll,* 70 id., 530; *Reynolds* v. *Schultz,* 34 How., 147; Code of Civil Pro., § 968.)

If the case of *Fire Department* v. *Harrison* (17 How., 273) be construed to hold otherwise, it is to that extent not deemed to be sound law; but we think it will bear no such construction. If these were the only questions presented by this appeal we should have no difficulty in affirming the order of the Special Term. There are, however, two points fatal to the validity of the order. The power conferred by statute in cases of this character is given to the fire department of the city of New York. Section 499, of chapter 410 of the Laws of 1882, enacts that any building more than three stories in height, occupied as a hotel, "shall be provided with such fire escapes, alarms and doors as shall be directed by the fire department." (Chap. 410, Laws of 1882.) This requires the action and direction of the department as such, and is not satisfied with the action and direction only of one of its subordinate officers or bureaus. After the exercise of its judgment in the case, the board may undoubtedly act in the execution of its judgment through the appropriate bureau and by the officer charged with that duty. These powers and duties are statutory, and they may invade the property and rights of citizens and impose upon them onerous duties and obligations to be performed under the sanction of severe liabilities and penalties. It is, therefore, to be shown in all cases that the power has been set in motion and is sought to be exercised

in substantial compliance in its several steps and proceedings with the statute.

In this case the notice was served on the 25th day of January, 1883. The act of 1882 (known as the Consolidation Act) took effect on the 1st of March, 1883. The statute, at the time the notice was served, required that all such notices "shall be issued in the name of the fire department of the city of New York, and shall have the name of the inspector of buildings affixed thereto." (Sec. 2, chap. 687, Laws of 1881, amending sec. 34 of chap. 625 of Laws of 1871.)

The notice in this case emanates from the bureau of inspection of buildings. It is subscribed by the inspector of buildings, but it is not issued in the name of the Fire Department of the city of New York; nor does it anywhere assert that it has the authority of that department. As the law then stood the notice did not comply with its requirements, and the appellants were not subject to any of the consequences provided for its disobedience.

No steps were taken to enforce the direction of the notice until after the consolidation act went into effect. Then and on the 28th of June, 1883, the order to show cause at Special Term was obtained. Pending the proceedings on the motion and on the 30th of October, 1883, the inspector of buildings made an affidavit to the effect that at the request of the defendants he had inspected the building a second time, and had concluded that two of the fire balconies and escapes specified in the notice might be dispensed with, but that the remaining three particularly specified in the notice were indispensable, and that if the motion was granted he would only ask for an order to authorize the erection of the three escapes mentioned in his affidavit.

In that form the motion was pressed and resisted, and was granted against the objection and resistance of the appellants. If the appellants had consented to this change the order in that particular would have been correct, but they resisted and the order was wholly *in invitum* as to them.

As to any requirement to build the three escapes they were not in default. They had been required to build five, and no option had been given them to build three. *Non constat*, if served with notice to build the three now specified in the order of the court,

they would have complied within the time given them by statute. The authority of the Special Term to make an order depends upon the refusal or neglect to comply with the requirements of the department within a prescribed time. If the department require ten fire escapes to be constructed and the party refuses to comply with that order, can the department on such a refusal come into court and get an order authorizing itself to proceed to build one escape at the defendant's expense and charge his property with the expense as a lien, and with the costs of the proceedings?

In short, the appellants in this case have never had their opportunity to comply with what the order of the Special Term now authorizes and directs, and hence have not subjected themselves to the penal effects of the statute.

When the inspector concluded that three escapes were all that were necessary, a new notice should have been served and a new opportunity given to construct them, and on failure to comply another proceeding to enforce the direction should have been taken. In cases like this the greater does not include the less, because the power of the court to authorize the department to proceed and construct escapes upon defendant's property, depends wholly upon his unlawfully refusing to do what was lawfully required at his hands; a refusal to do more than is necessary is not a refusal to do so much as is necessary.

The order should therefore be reversed, but as these grounds do not appear to have been pressed or considered in the court at Special Term, without costs.

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Order reversed, without costs.